UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VISALUS INC.,

          Plaintiff,         CASE NUMBERS: 13-10366
                                      HONORABLE VICTORIA A. ROBERTS

v.

LORENE BOHN,

          Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

**I.**     **INTRODUCTION**

Lorene Bohn seeks the dismissal of ViSalus Inc.'s complaint; it alleges she breached her employment agreement by working for ViSalus's competitor, Ocean Avenue, and recruiting several ViSalus employees to also work for Ocean Avenue. Bohn says dismissal is warranted because this Court does not have personal jurisdiction over her and, even if it did, venue is improper. Alternatively, Bohn asks the Court to transfer the case to the federal district court in Wisconsin where the alleged cause of action arose and witnesses are located.

ViSalus says that while the breach of contract occurred in Wisconsin, this Court has personal jurisdiction over Bohn and proper venue because she consented to jurisdiction through a forum selection clause. Alternatively, ViSalus says -- independent of the forum selection clause -- Bohn's contacts with Michigan are sufficient to establish personal jurisdiction and venue.

1

Bohn's motion is **GRANTED**; there is no valid forum selection clause. Bohn does not have sufficient Michigan contacts; and, the Court has no personal jurisdiction over her. Accordingly, the Court does not address venue. ViSalus' complaint is **DISMISSED.**

## II.   BACKGROUND

ViSalus is a Delaware corporation with its principal place of business in Michigan. It is a network marketing company which sells weight management products, nutritional supplements, and energy drinks through a network of distributors. ViSalus' distributors are independent contractors who not only market and sell ViSalus products; they also recruit distributors to join ViSalus' team. Bohn is ViSalus' former distributor who currently works for its competitor.

On January 15, 2012, Bohn joined ViSalus as a distributor. Bohn says that a family friend told her about the company and she applied by filling out a paper application in Wisconsin and faxing it to Michigan.

ViSalus says that when Bohn signed her application for employment she consented to the IP Terms of Agreement ("IP Agreement") and the terms in its employee handbook. Both documents contain the same forum selection clause and choice of law clause which says Michigan has jurisdiction, Detroit has venue, and Michigan law is to be applied to disputes. The clause in Bohn's application says:

> By my signature below and initials on the IP Terms of Agreement on the reverse side, I acknowledge that I have carefully read this Agreement and am willing to accept the terms and conditions herein and on the reverse side. I understand that the terms of this document shall be a binding agreement between ViSalus' Policies and Procedures and Compensation Plan which are incorporated by reference herein, and agree to abide by them as they may

be amended at any time.

The forum selection and choice of law clause says:

> In the event that a dispute arises as to the respective rights, duties and obligations under this Agreement, Compensation Plan or the Policies and Procedures of ViSalus, it is agreed that such disputes shall be exclusively resolved in the Circuit Court for Oakland County, State of Michigan, or a Federal Court located in Detroit, Michigan. Michigan law shall apply to the resolution of all disputes.

ViSalus does not allege that Bohn signed the IP Agreement or employee handbook. Nor does ViSalus allege that Bohn saw the documents before signing her employment application. The documents attached to the complaint are not signed.

ViSalus alleges that "Bohn was also provided a stand-alone 'IP Terms of Agreement' through the Vi-Net system." The Vi-Net system is a web-based intranet system accessible by ViSalus' distributors. ViSalus' affidavit in support of its brief in opposition to Bohn's motion contradicts its own complaint; the affidavit says that Bohn's IP Agreement was on the reverse of her application. ViSalus attaches Bohn's application to its affidavit; there is no IP Agreement on the reverse.

ViSalus also alleges that "upon joining ViSalus, Bohn was provided with a Welcome Kit containing ViSalus' policies [sic] & Procedure booklet." ViSalus' affidavit says Bohn received the employee handbook -- after signing her application -- at registration.

Bohn says she has no connection to Michigan. Bohn did not work for ViSalus in Michigan and was not hired to distribute ViSalus' products in Michigan. She is a citizen of Wisconsin who says she has not traveled to Michigan in more than twenty years.

ViSalus says that the contacts it alleges are sufficient for this Court to assert

3

jurisdiction over Bohn: since January, 2012 nineteen out of twenty-four times Bohn initiated emails and phone calls to its employees in Michigan. These communications concerned Bohn's commission, issues related to her Vi-Net account and compliance with ViSalus' policies. ViSalus says that Bohn also communicated with its Support Team about marketing, sales and distribution. It says that all members of its Support Team are located in Michigan. ViSalus also says that Bohn received commission, bonus payments, and tax documents, all were generated from its headquarters in Michigan.

ViSalus filed suit alleging that Bohn breached their agreements -- in Wisconsin -- by soliciting twelve of its former distributors to work for a competitor. Neither of the alleged solicited former employees is a citizen of Michigan.

### III. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) dismissal is warranted "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief." *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008). The court treats all well-pleaded allegations in the complaint as true. *Id*. However, to survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In response to a motion to dismiss, the plaintiff may not stand on its pleadings, but must show the specific facts demonstrating jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). In order to defeat the motion to dismiss the plaintiff's affidavit(s) need only make a *prima facie* showing. *Id*.

## IV. ANALYSIS

"In diversity cases, federal courts apply the law of the forum state to determine whether personal jurisdiction exists." *Nationwide Mut. Ins. Co. v. Tryg Int'l. Ins. Co.*, 91 F.3d 790, 793 (6th Cir. 1996) (citation omitted). A court may exercise either general or specific personal jurisdiction over a defendant. *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549-50 (6th Cir. 2007). Specific jurisdiction grants jurisdiction only to the extent that a claim arises out of or relates to a defendant's contacts in the forum state. *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997).

### 1. Forum Selection Clause

While personal jurisdiction and venue may be consented to through a forum selection and choice of law clause, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n. 14 (1985); *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972), this is only true if a court determines that the forum selection clause is binding.

Bohn says that the forum selection clause in the IP Agreement and the employee handbook are not binding because there was no mutual assent.

Michigan courts hold that the validity of a contract is determined by the law of the place where it is made. *State ex rel. Squire v. Eubank*, 295 Mich. 230 (Mich. 1940). Under Michigan law, "a contract is deemed to have been made in the State where the last act necessary to make it a binding agreement took place." *Id.*

The IP Agreement and employee handbook are purported contracts that were made in Wisconsin; the last alleged binding act -- Bohn signing her employment application -- occurred in Wisconsin. Accordingly, Wisconsin law governs the outcome

of the validity of the forum selection clause.

The forum selection clause in the IP Agreement is not binding because as a condition precedent to the enforceability of the IP Agreement, Bohn was required to sign or initial it. A condition precedent must be performed before a contract becomes binding. *Nixon v. Farmers Ins. Exchange*, 56 Wis. 2d 1, 4, 201 N.W.2d 543 (Wis. 1972) ("[a] condition precedent in a contract must be performed or happen before a duty of immediate performance arises on the promise which the condition qualifies"). Nothing in this record supports a claim that Bohn signed the IP Agreement.

ViSalus alleges that the IP Agreement was posted online at the Vi-Net, a website that only its employees may access. Its affidavit contradicts its allegation and says that the IP Agreement was attached to the reverse of Bohn's application. The application attached to its brief does not have a signed or initialed IP Agreement as part of it. No evidence or allegation establishes that Bohn saw, had access to, or read the forum selection clause in the IP Agreement before signing her application. Accessability after the fact does not create a binding contract to unknown terms. Accordingly, the Court finds that Bohn did not satisfy the condition precedent.

Without deciding whether the employee handbook creates a valid contract, the Court finds that even if it did, the forum selection clause is unconscionable. A term in a contract is unconscionable if there is an "absence of a meaningful choice on the part of one party, together with contract terms that are unreasonably favorable to the other party." *Leasefirst v. Hartford Rexall Drugs, Inc.*, 168 Wis. 2d 83, 483 N.W.2d 585 (Wis. Ct. App. 1992)(citing *Discount Fabric House, Inc. v. Wisconsin Tel. Co.*, 117 Wis. 2d 587, 601, 345 N.W.2d 417, 424 (1984)). There are two kinds of unconscionability,

procedural and substantive; and, a clause is unconscionable if both kinds are present. *Id*. "Procedural unconscionability relates to factors bearing on the meeting of the minds of the contracting parties; substantive unconscionability pertains to the reasonableness of the contract terms themselves." *Id.*

ViSalus' single allegation that it provided the handbook to Bohn via a Welcome Kit after she was accepted as a distributor does not establish that there was a meeting of the minds. The clause is written in small print and unsigned; no evidence shows that Bohn saw it, agreed to it, or that the parties discussed it; it is procedurally unconscionable.

The clause is also substantively unconscionable. "Uncontemplated inconvenience caused by [a forum selection] clause is a factor in deciding whether the clause is unreasonable." *Id.* As alleged, ViSalus is the only party that saw the clause prior to Bohn signing the application. ViSalus knew that it was contracting with Bohn -- a citizen of Wisconsin, hired to expand ViSalus' network in Wisconsin. Yet, ViSalus selected -- as the only forum for which a claim could be brought -- a court inconvenient for Bohn.

Bohn has no ties to Michigan. She was not hired to, and did not, market or sell ViSalus' products in Michigan; it is substantively unconscionable that she defend litigation here.

No binding forum selection clause gives this Court jurisdiction over Bohn.

    **2.**    **Contacts**

Alternatively, ViSalus alleges the Court has specific personal jurisdiction over Bohn. ViSalus says that Bohn's business interactions with it are sufficient to satisfy

Michigan's long-arm statute, which says:

> The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:
>
> (1) The transaction of any business within the state.

M.C.L. § 600.705(1).

The Sixth Circuit and Michigan courts hold that the "slightest act of business in Michigan" satisfies Michigan's long arm statute. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002); *Sifers v. Horen*, 385 Mich. 195, 199, 188 N.W.2d 62, 624 n. 2 (Mich. 1971).

To the extent ViSalus alleges that Bohn is subject to personal jurisdiction in Michigan because ViSalus prepared her bonuses, commissions, tax documents and maintained Vi-Net in Michigan, it is wrong. ViSalus' contacts cannot support a bases for exercising personal jurisdiction over Bohn. *See International Technologies Consultants v. Euroglas*, 107 F.3d 386, 395 (6th Cir. 1997) (finding that a defendant was not subject to personal jurisdiction in Michigan simply because the plaintiff chose to reside in the state).

ViSalus' remaining allegations of jurisdiction that: (1) Bohn entered into a distribution contract with it -- a Michigan corporation and (2) Bohn interacted with people at its headquarters located in Michigan, standing alone, do not create a bases for this Court's personal jurisdiction. *See Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675 (2012); *Burger King*, 471 U.S. at 478 ("If the question is whether an individual's contract

8

with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot.").

And, the Court need not decide whether Bohn's agreement to distribute, coupled with the twenty-four phone calls to individuals located in Michigan, constitutes a "transaction of any business within the state" of Michigan; even if these contacts satisfied Michigan's long-arm statute, asserting jurisdiction over a person based on these contacts would offend constitutional due process requirements. *See Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 319-20 (1945)(personal jurisdiction is only valid if it meets both the state's long-arm statute and constitutional due process requirements).

In order to satisfy constitutional due process requirements:

(1) the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state[; (2)] the cause of action must arise from the defendant's activities there[; 3] the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

All three requirements must be met before personal jurisdiction may be invoked. *LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1303 (6th Cir. 1989).

Bohn did not purposefully avail herself of the privilege of acting in Michigan. An individual purposefully avails herself to the laws of the forum state when she can "reasonably anticipate being haled into court there" because her contacts with the forum were continuous and systematic. *Burger King*, 471 U.S. at 474. Courts are cautioned to consider the quality of the contacts as opposed to the quantity of them*. Calphalon*

*Corp. v. Rowlette*, 228 F.3d 718 (6th Cir. 2000)(citing *LAK, Inc.*, 885 F.2d at 1303).

Bohn's agreement to distribute ViSalus' products and phone calls to ViSalus employees in Michigan are too "fortuitous" and "attenuated" to say that she purposefully availed herself to Michigan because: (1) her duties under the contract were not to be performed in Michigan and (2) and her calls to Michigan only relate to her business in Wisconsin. *See Calphalon Corp.*, 228 F.3d at 722 (6th Cir. 2000)(citing *Kerry Steel Inc., v. Paragon Industries, Inc.*, 106 F.3d 147 (6th Cir. 1997)(finding no purposeful availment of out-of-state defendant when performance of the contract at issue will not take place in the forum state and phone calls insufficient if the calls do not alter the nature of defendant's relationship with the forum state).

Even if Bohn had purposefully availed herself, there would be no personal jurisdiction because Bohn allegedly violated the purported IP Agreement in Wisconsin. Not a single act alleged in this dispute occurred in Michigan. *See Calphalon Corp.*, 228 F.3d at 724 (finding that the action did not arise from the forum state because the "facts at issue did not occur in the forum state nor were the consequences of the breach substantially connected to the forum state").

Since Bohn could not have reasonably anticipated litigation in Michigan based on her contacts with the state, the reasonableness criteria cannot be satisfied. Bohn's contacts are not sufficient to establish personal jurisdiction.

**V.  CONCLUSION**

Bohn's motion is **GRANTED**; there is no valid forum selection clause. The Court

has no personal jurisdiction over her, and there is no need to address improper venue.

ViSalus' complaint is **DISMISSED.**

    **IT IS ORDERED.**

                                                      S/Victoria A. Roberts
                                                    Victoria A. Roberts
                                                    United States District Judge

Dated: April 24, 2013

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 24, 2013.<br><br>S/Carol A. Pinegar<br>Deputy Clerk |